[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13702
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00216-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBORAH M. TOWNSEND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 8, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Deborah Townsend appeals her convictions for theft of government

property, in violation of 18 U.S.C. § 641 (Count 1); and Social Security fraud, in

violation of 42 U.S.C. § 408(a)(4) (Count 2).    For the reasons set forth below, we affirm Townsend's convictions.

I.

At trial, Robert Matthews, a claims representative for the Social Security Administration ("SSA"), testified that Townsend received Social Security disability insurance benefits ("DIB").  DIB recipients were required to report to the SSA their employment, and the Internal Revenue Service ("IRS") also provided the SSA with DIB recipients' available employment information.  Townsend reported to the SSA that she had begun working for Palm Coast Flooring Outlet ("Palm Coast") in June 2006.  The SSA received a complaint from someone who suspected fraud related to Townsend working while still receiving DIB.  In connection with the complaint, the SSA sent a request for information to Palm Coast, which subsequently indicated that it had employed Townsend from May 23, 2002, to June 20, 2006.  Matthews testified that, had Townsend reported her employment in 2002 to the SSA, she would have stopped receiving DIB in February 2004, and her benefits would have been terminated in November 2006, rather than March 2011.  Although Townsend was not automatically ineligible for DIB by working at Palm Coast, her income exceeded the relevant work limits set by the SSA for determining a recipient's eligibility.  After the government rested, Townsend filed a motion for a judgment of acquittal on the basis that the

2

government had failed to prove that she received a benefit to which she was not entitled. The court denied the motion. The jury found Townsend guilty of both counts of the indictment. Townsend renewed her motion, and the court denied it.

## II.

On appeal, Townsend argues that the evidence at trial was insufficient to convict her of either count of the indictment because no evidence showed that she received DIB to which she was not entitled as a result of her employment. According to Townsend, whether someone is entitled to DIB is dependent not just on an individual's work history, but rather is dependent on whether the individual's monthly income, except for all deductible expenses, is greater than the allowable work limit. Townsend contends that, if an individual's income without deductible expenses was less than the applicable work limit, then the SSA does not cancel the recipient's DIB. Deductible expenses include impairment-related work expenses, such as routine drugs and medical services. Townsend argues that the government presented no evidence concerning Townsend's medications or other impairment-related work expenses, such that it could be determined whether her earnings disqualified her from receiving benefits. Townsend contends that a government witness at trial indicated that Townsend took several medications during her employment and underwent radiation treatment. Townsend also argues, for the first time, that she did not have the necessary intent to commit the offenses,

3

as no evidence at trial showed that Townsend was aware that her employment would affect her right to receive DIB.

We review both a challenge to the sufficiency of the evidence and the district court's denial of a Fed.R.Crim.P. 29 motion for a judgment of acquittal *de novo*. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir.), *cert. denied*, 132 S.Ct. 826 (2011). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor, and affirm the conviction if, based on this evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* It is not necessary that the evidence presented at trial excludes every reasonable hypothesis of innocence or is wholly inconsistent with every conclusion except that of a defendant's guilt. *Id.* Although we customarily review *de novo* the sufficiency of the evidence supporting a conviction, where the defendant does not clearly object in the district court on a specific basis, the district court can only be reversed on our finding of plain error. *See United States v. Joseph*, No. 09-11984, manuscript op. at 17, 42 (11th Cir. Feb. 21, 2013) (reviewing for plain error a defendant's insufficiency-of-the-evidence argument).

In reviewing whether the evidence is sufficient to support a conviction under 18 U.S.C. § 641, the government must establish the following three elements:

4

(1) that the property belonged to the government; (2) that the defendant fraudulently appropriated the property to her own use; and (3) that the defendant did so knowingly and willfully with the intent either temporarily or permanently to deprive the owner of the use of the property. *United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993) (*en banc*). For sufficient evidence to support a conviction under 42 U.S.C. § 408(a)(4), the government must establish that: (1) the defendant knew of the occurrence of an event; (2) that event affected her initial or continued right to payment of Social Security benefits; (3) she concealed or failed to disclose the event; and (4) she had an intent to fraudulently secure payment in a greater amount than was due or when no payment was due. 42 U.S.C. § 408(a)(4). Because intent can be difficult to prove, the fact finder may infer it from circumstantial evidence. *See United States v. Nosrati-Shamloo*, 255 F.3d 1290, 1292 (11th Cir. 2001) (addressing conviction for theft of mail, in violation of 18 U.S.C. § 1708).

In determining a recipient's countable earned income for the purposes of eligibility to receive DIB, the SSA subtracts the reasonable costs to the recipient for items and services that the recipient needs in order to work due to her impairment. 20 C.F.R. § 416.976(a). However, the SSA indicates that it needs to verify the recipient's need for items or services for which deductions are claimed,

5

and the amount of the charges for those items or services. *Id.* § 416.976(g).  The SSA also needs proof that the recipient paid for the items or services. *Id.*

Here, the evidence showed that, had Townsend reported her income from Palm Coast to the SSA, she would have stopped receiving benefits in February 2004 because she earned over the relevant work limit.  However, because she did not report her income to the SSA, she received $143,804.80 in benefits from February 2004 to March 2011.  Townsend argues that there is a possibility that, had she had enough impairment-related expenses from 2002 to 2006 to reduce her income below the work limits for every month for which she was employed by Palm Coast, she would have been entitled to all of the DIB that she received, notwithstanding the fact that she was working.  Although there is evidence in the record that Townsend was taking medication related to her impairments and that she underwent radiation treatment at one point, no evidence at trial indicated that she paid for the treatment herself or indicated the cost of the treatment.  Further, Matthews testified that such expenses were not automatically deductible, as a claims representative needed to determine whether the expenses could even qualify as deductible expenses.  The SSA specifically requested from Townsend information concerning her impairment-related expenses, but she never provided it, such that a claims representative could review any expenses to determine whether they were deductible.  The SSA also requested to meet with her at least five times

6

concerning her benefits, but she did not attend any of the scheduled appointments. Lastly, even under her hypothetical, which she posed to Matthews at trial and involved her having monthly impairment-related expenses of $1,500, Matthews testified that her DIB still would have terminated in November 2006, in light of the amount of income from her employment. Because the evidence need not exclude every possible reasonable hypotheses of her guilt and need only be such that a reasonable jury could find her guilty beyond a reasonable doubt, the evidence was sufficient to show that Townsend received benefits to which she was not entitled. *See Gamory*, 635 F.3d at 497.

The evidence also was sufficient to show that Townsend knowingly deprived the government of property and intended to fraudulently obtain DIB in an amount greater than she was due. The evidence showed that Townsend did not report her work with Palm Coast to the SSA until Palm Coast switched to a payroll system, which involved Palm Coast reporting its employees' income to the IRS. Further, at the time that Townsend reported her employment, she misrepresented the date she started her employment at Palm Coast, informing the SSA that she began working for Palm Coast in June 2006, when she actually started in 2002. At the time of her 1995 DIB application, the SSA informed her that she must report to the SSA if she returned to work, as it may affect her eligibility to receive benefits. Further, in 2005, the SSA again notified her that it was important that she report

any changes concerning her return to work, and in 2006, the SSA sent her a work history report requesting her to report her work, but she did not return the report. She also missed several appointments with the SSA. Moreover, in 2011, she admitted that she knew that she had to inform the SSA if she had been working. This evidence illustrates that she knew that she should have been reporting her work with Palm Coast to the SSA and that, by not reporting this information, she was continuing to receive DIB to which she would not otherwise be entitled. Thus, a reasonable jury could conclude beyond a reasonable doubt that Townsend knowingly and willfully acted to deprive the government of property by way of concealing her employment and intended, by fraudulent means, to continue to receive DIB, despite knowing that she was no longer entitled to receive DIB. Accordingly, the district court did not commit error, much less plain error, in denying her motion for a judgment of acquittal based on her argument that the evidence was not sufficient to establish intent.

For the foregoing reasons, we affirm Townsend's convictions.

**AFFIRMED.**

8